ANDREW JOHNSEN,

      Plaintiff,

v.

SEAN R KIRTZ and ICO
SERVICES, INC.,

      Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon the Motion of *pro se* Defendant, Sean R. Kirtz, to Dismiss the Complaint with Prejudice, ECF No. [8] (the "Motion"). Plaintiff Andrew Johnsen ("Johnsen" or "Plaintiff") filed a response, ECF No. [12], to which Defendant Sean R. Kirtz ("Kirtz" or "Defendant") filed a reply, ECF No. [21]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in the case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court denies the Motion.

## I.      BACKGROUND

This case arises as a result of an alleged cryptocurrency scam. According to the Complaint, ECF No. [1], in the late summer of 2017, Defendant Kirtz began to solicit Plaintiff and other potential investors in connection to the Initial Coin Offering ("ICO") of a new cryptocurrency called "CLOUT." Compl., ECF No. [1] ¶ 8. Defendant represented himself to be the founder of CLOUT and experienced in cryptocurrencies. *Id.* ¶¶ 8, 10. In connection with the solicitation, Defendant prepared a whitepaper, in which he made several representations about CLOUT, its proposed pricing and expected performance, the people associated with its

development, and advanced the idea that investors would be screened. *Id*. ¶¶ 11, 15-21. According to Plaintiff, these representations were false. *Id.* ¶¶ 18-22.

Plaintiff ultimately purchased $50,000 of CLOUT during the pre-ICO period by transferring Ethereum (another cryptocurrency) to Kirtz's wallet on the Ethereum network. *Id.* ¶ 24. At that time, the price for CLOUT was $1.00 per token, and Defendant and his company, Defendant ICO Services, Inc. ("ICO Services") allegedly raised approximately $2 million. *Id.* ¶ 25. Thereafter, Defendant and ICO Services ran the ICO, during which time the amount raised may have been as high as an additional $2.6 million. *Id.* ¶ 28. However, Plaintiff maintains that the listing procedures resulted in poor investor sentiment, and buy orders were lower than the targeted market price. *Id*. ¶ 29. As a result, CLOUT is barely traded and has no value, though Kirtz continues to brag about future prospects. *Id*. ¶ 30. Defendant is not registered with the Securities and Exchange Commission ("SEC"), CLOUT is not registered with the SEC , and neither Kirtz nor CLOUT are registered with the Texas Securities Board. *Id.* ¶ 14.

In the Complaint, Plaintiff asserts claims for securities fraud, for violation of the Texas Securities Act, and for fraudulent transfer under Florida law. Kirtz, proceeding *pro se*, seeks dismissal of the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of*

*N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). "A district Court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted).

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a facial attack or a factual attack. "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the

pleadings, such as affidavits or testimony.").

"In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). As such, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)). Through this lens, the Court considers the instant Motion.

## III. DISCUSSION

Defendant argues that the Court lacks subject matter jurisdiction in this case because CLOUT is in fact an entity incorporated in Gibraltar that Plaintiff has failed to name as a defendant. In addition, Kirtz argues that Defendant ICO Services, Inc. was not organized until February, 2018, after Plaintiff alleges he invested in CLOUT. As such, that he could not have engaged in any of the alleged transactions because they occurred prior to the formation of Defendant ICO Services. In support of his argument, Kirtz attaches a number of documents regarding an entity named Clout Technology Limited and a print-out from the Florida Secretary of State, Division of Corporations website regarding ICO Services. *See* ECF No. [8-1]. In response, Plaintiff provides several declarations, ECF Nos. [13] - [16].

The Court need not, however, engage in a lengthy analysis of facial versus factual attack, or consideration of extrinsic materials, because Kirtz has not properly challenged subject matter jurisdiction in this case. First, Kirtz's argument is premised upon what appears to be a

misreading of the Complaint. In the Complaint, Plaintiff alleges that CLOUT is a cryptocurrency. And while the Court acknowledges that the Complaint also contains allegations regarding CLOUT as an entity, Plaintiff's claims are not premised upon these allegations.[1] Thus, whether or not CLOUT is in fact also an entity is not pertinent to the Court's inquiry regarding subject matter jurisdiction. Moreover, even assuming Defendant's argument is proper, Defendant fails to point to any authority, and the Court is unaware of any, supporting his claim that the failure to name a potential defendant strips the Court of subject matter jurisdiction.

As Plaintiff argues in response, Plaintiff properly invokes the Court's federal question jurisdiction. In the Complaint, Plaintiff asserts a claim for securities fraud, which arises under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j (the "Exchange Act"). Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C § 1331.[2] Furthermore, the Court may properly exercise supplemental jurisdiction over Plaintiff's Texas Securities Act claim and Florida Fraudulent Transfers claim under 28 U.S.C. § 1367(a).

In his Reply, ECF No. [21], Defendant restates his initial arguments, denies numerous allegations in the Complaint and declarations provided by Plaintiff, and appears to assert that the Complaint fails to state a claim. As the Court has already held, Defendant fails to properly

---

[1] Paragraph 23 of the Complaint states in pertinent part that "[d]epending on where one reads in the whitepaper, CLOUT is a Gibraltar incorporated and registered company named either 'CLOUT Technology, Ltd.' or 'CLOUT Technologies, Ltd.' Upon information and belief, no such company is incorporated and registered in Gibraltar. Moreover, no company by either name has registered to do business in Florida, with the SEC, or with the Texas Securities Board."

[2] However, although Plaintiff maintains that he has also adequately alleged a basis for diversity jurisdiction, the Complaint alleges only the respective residences of the parties. Therefore, these allegations are insufficient. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Citizenship is equivalent to domicile for purposes of diversity jurisdiction. And domicile requires both residence in a state and an intention to remain there indefinitely.") (internal citation and quotations omitted); *see also Avant Capital Partners, LLC v. W108 Development LLC*, --- F. Supp. 3d ----, 2016 WL 3660756, at *2 (S.D.N.Y. June 30, 2016) ("The allegations of the residences of the individuals . . . are not equivalent to allegations of citizenship and therefore are insufficient.") (internal quotations and citation omitted). Nevertheless, because the Complaint asserts a cause of action under the Exchange Act, the Court has an independent basis to exercise jurisdiction in this case.

challenge subject matter jurisdiction here. Moreover, the proper method to deny factual allegations in the Complaint is through a responsive pleading and the appropriate procedure to rebut facts is through discovery. In short, Defendant is not entitled to dismissal for lack of subject matter jurisdiction. In addition, to the extent that Defendant attempts to assert additional bases for dismissal in his Reply, such arguments are improper. *See, e.g.*, *Herring v. Secretary, Dep't of Corrs.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotations omitted); *Willis v. DHL Global Customer Sols. (USA), Inc.*, No. 10-62464-CIV, 2011 WL 4737909, at *3 (S.D. Fla. Oct. 07, 2011) (collecting cases stating that it is inappropriate to raise new arguments in a reply brief and stating that courts in this district generally do not consider these arguments).

## IV.  CONCLUSION

Accordingly, Defendant's Motion, **ECF No. [8]**, is **DENIED**. Defendant shall file an Answer to the Complaint, ECF No. [1], **on or before November 1, 2018**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of October, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Sean R Kirtz, *pro se*
7355 Mahogany Bend Ct.
Boca Raton, FL 33434