UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81019-BLOOM/Reinhart

ANDREW JOHNSEN,

    Plaintiff,

v.

SEAN R KIRTZ and ICO
SERVICES, INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Andrew Johnsen's ("Plaintiff") Motion for Entry of Default Judgment against Defendants Sean Kirtz and [ ] ICO Services, Inc., ECF No. [70] ("Motion"), filed on November 28, 2018. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is granted.

Plaintiff initiated this action on August 2, 2018, asserting claims, on behalf of himself and two other investors who have assigned their claims to him, for securities fraud (Counts 1-2), violation of the Texas Securities Act (Count 3), and violation of Florida Statutes section 726.105, which prohibits fraudulent transfers (Count 4). *See* ECF No. [1]. Defendants were duly served with process on August 30, 2018. *See* ECF No. [5]. Thereafter, Clerk's defaults were entered against Defendant ICO Services, Inc. on October 1, 2018, ECF No. [20], and Defendant Kirtz on November 15, 2018, ECF No. [67].[1] Neither Defendant has moved to set aside these defaults,

---

[1] Defendant Kirtz filed a motion to dismiss, ECF No. [8], which this Court denied, ECF No. [38], requiring that he file an answer on or before November 1, 2018. Rather than file an answer,

and as of the Date of this Order, Defendants have failed to comply with Court orders or otherwise plead to the Complaint.

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

However, a defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint.

---

Defendant Kirtz filed a notice of appeal of the Court's order denying his motion to dismiss, ECF No. [47], which is currently pending. However, Defendant Kirtz has not requested a stay of these proceedings, and has subsequently failed to comply with this Court's orders. Accordingly, the Court directed the Clerk to enter default against Defendant Kirtz, ECF No. [66]. Despite an appearance by counsel, Defendant ICO Services, Inc. has failed to engage in these proceedings.

*See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

In the Complaint, Plaintiff alleges that in the late summer of 2017, Defendant began to solicit Plaintiff and other potential investors in connection to the Initial Coin Offering ("ICO") of a new cryptocurrency called "CLOUT." Compl., ECF No. [1] ¶ 8. Defendant represented himself to be the founder of CLOUT and experienced in cryptocurrencies. *Id.* ¶¶ 8, 10. In connection with the solicitation, Defendant prepared a whitepaper, in which he made several representations about CLOUT, its proposed pricing and expected performance, the people associated with its development, and advanced the idea that investors would be screened. *Id.* ¶¶ 11, 15-21. These representations were false. *Id.* ¶¶ 18-22.

Plaintiff, relying on such representations, ultimately purchased $50,000 of CLOUT

during the pre-ICO period by transferring Ethereum (another cryptocurrency) to Kirtz's wallet on the Ethereum network. *Id*. ¶¶ 24, 37. In addition, his assignees, Jesse Wilkinson and Xueqing Huang, invested an additional $300,000 and $55,000 in Ethereum relying upon Defendant Kirtz's misrepresentations. ECF Nos. [15], [16]. At that time, the price for CLOUT was $1.00 per token, and Defendant and his company, Defendant ICO Services allegedly raised approximately $2 million. ECF No. [1] ¶ 25. Thereafter, Defendant and ICO Services ran the ICO, during which time the amount raised may have been as high as an additional $2.6 million. *Id*. ¶ 28. However, the listing procedures resulted in poor investor sentiment, and buy orders were lower than the targeted market price. *Id*. ¶ 29. As a result, CLOUT is barely traded and has no value, though Kirtz continues to brag about future prospects. *Id*. ¶ 30. In addition, Defendant Kirtz transferred cash and other benefits to Defendant ICO Services, with actual intent to hinder, delay, or defraud. *Id*. ¶ 71. Defendant Kirtz is not registered with the Securities and Exchange Commission ("SEC"), CLOUT is not registered with the SEC, and neither Kirtz nor CLOUT are registered with the Texas Securities Board. *Id*. ¶ 14.

Upon a review of Plaintiff's submissions, the Court finds a sufficient basis to enter default judgment in Plaintiff's favor. Because Defendants have not timely responded to the Complaint, "all of the well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiff's allegations well-pled, and sufficient to establish Defendants' liability.

Case No. 18-cv-81019-BLOOM/Reinhart

With respect to damages, Plaintiff has submitted sufficient evidence to merit an award of damages of $405,000.00, plus post-judgment interest, in addition to reasonable attorney's fees and costs.

Accordingly, for the foregoing reasons, the Motion, **ECF No. [70]**, is **GRANTED**. The Court will enter final judgment by separate order. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of November, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Sean R Kirtz, *pro se*
7355 Mahogany Bend Ct.
Boca Raton, FL 33434