## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-81019-BLOOM/Reinhart

ANDREW JOHNSEN,

      Plaintiff,

v.

SEAN R KIRTZ and ICO
SERVICES, INC.,

      Defendant.

_____/

## ORDER ON MOTION TO SET ASIDE DEFAULT JUDGMENT AND
## MOTION TO RE-APPOINT COURT ORDERED MEDIATION

    **THIS CAUSE** is before the Court upon Defendant Sean R. Kirtz's ("Defendant" or "Kirtz") Motion to Set Aside Default Judg[]ment, ECF No. [90] (the "Motion"), and Motion to Re-Appoint Court Ordered Mediation, ECF No. [91], filed on June 20, 2019. Plaintiff Andre Johnsen filed a response to the Motion, ECF No. [92] ("Response"), and to Kirtz's Motion to Re-Appoint Court Ordered Mediation, ECF No. [93]. The Court has carefully considered the Motion and Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied, and the Motion to Re-Appoint Court Ordered Mediation is denied as moot.

    Plaintiff initiated this action on August 2, 2018. *See* ECF No. [1]. Defendants were duly served with process on August 30, 2018. *See* ECF No. [5]. Thereafter, a Clerk's default was entered against Defendant ICO Services, Inc. on October 1, 2018. ECF No. [20].[1] Defendant Kirtz filed a motion to dismiss, ECF No. [8], which this Court denied, ECF No. [38], requiring

---

[1] Despite an appearance by counsel, Defendant ICO Services, Inc. failed to engage in these proceedings.

that he file an answer on or before November 1, 2018. Rather than file an answer, Kirtz filed a notice of appeal of the Court's order denying his motion to dismiss, ECF No. [47], which the Eleventh Circuit dismissed. *See* ECF No. [75]. During the pendency of the appeal, Kirtz failed to comply with this Court's orders, and therefore, the Court directed the clerk to enter default against him. ECF No. [66]. Plaintiff moved for default judgment against both Defendants, and the Court entered a default judgment and awarded damages. *See* ECF Nos. [71], [72]. Shortly thereafter, Kirtz filed another appeal of the Court's order denying his motion to dismiss, the Court's paperless order denying his second motion to dismiss, ECF No. [44], and the final default judgment. *See* ECF No. [76]. The Eleventh Circuit also dismissed Kirtz's second appeal. *See* ECF No. [81].

In the Motion, Kirtz now requests that the Court set aside the default judgment and allow this case to proceed on the merits. Although Kirtz cites no legal basis for the relief he seeks in the Motion, the Court construes the Motion as filed pursuant to Rule 60 of the Federal Rules of Civil Procedure.

Under Rule 60, the Court may grant relief from a judgment or order upon several bases, including "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence . . .; fraud . . .; the judgment is void; the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1)-(6). Whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

In the Motion, Kirtz asserts that his previous failure to comply with Court orders arose as a result of a combination of his attorney's lack of professional diligence and a medical condition that was exacerbated by this case. However, as Plaintiff points out, no attorney entered an

appearance on behalf of Kirtz, who has been proceeding *pro se* in this case since filing his first motion to dismiss. Moreover, although Kirtz asserts that "there was no willful disrespect from the defendant previously," the record belies that assertion. There is no indication, nor does Kirtz contend, that he did not receive notice of the Court's orders being entered in this case, including the Court's Order Providing Instructions to *Pro Se* Litigant, ECF No. [9]. In addition, while the Court is sympathetic to Kirtz's medical condition, he has not indicated how this condition prevented him from complying with Court orders. Indeed, despite his medical condition, Kirtz filed numerous documents in this case, including two motions to dismiss, a motion to strike, ECF No. [50], and two appeals.

As a result, even construed liberally, as required of *pro se* filings, the Motion fails to present circumstances, argument, or evidence that would allow for the relief Kirtz seeks. Accordingly, the Motion, **ECF No. [90]**, is **DENIED**, and the Motion to Re-Appoint Court Ordered Mediation, **ECF No. [91]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 26, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Sean R Kirtz, *pro se*
7385 Lakeside Blvd. #353
Boca Raton, Florida 33434